IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Gary Leroy Hayes, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil Action No.:4:06-1951-TLW-TER |
| | ) | |
| Stan Burtt, Warden; and Henry Dargan | ) | |
| McMaster, Attorney General of South | ) | |
| Carolina, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

# ORDER

On July 5, 2006, the petitioner, Gary Leroy Hayes, ("petitioner") proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is in custody in violation of the Constitution of the United States. (Doc. #1). The case was automatically referred to Magistrate Judge Thomas E. Rogers, III, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 (B)(2)(c), DSC. The respondents, Stan Burtt, Warden, and Henry Dargan McMaster, Attorney General of the State of South Carolina, ("respondents") filed a motion for summary judgment, supported by copies of portions of the state court record, on September 28, 2006. (Doc. #14). On October 19, 2006, Magistrate Judge Rogers issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising petitioner of his responsibility to properly respond to the motion for summary judgment. (Doc. #16). Petitioner filed a response on November 15, 2006. (Doc. #17). Additionally, the petitioner filed a motion for judgment on the pleadings on July 25, 2007. (Doc. #18).

1

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Thomas E. Rogers, III, to whom this case had previously been assigned. (Doc. #19). In the Report, Magistrate Judge Rogers recommends that "respondents' motion for summary judgment be GRANTED and the petitioner's petition for Writ of Habeas Corpus denied, and this petition dismissed." (Doc. #19). The petitioner has filed objections to the Report. (Doc. #22).

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted). In light of this standard, the Court has reviewed the Report. After careful review of the Report and objections thereto, the Court **ACCEPTS** the Report. (Doc. #19). Therefore, for the reasons articulated by the Magistrate Judge, it is **ORDERED** that respondents' motion for summary judgment be **GRANTED** (Doc. #14) and the petitioner's complaint **DISMISSED**. (Doc. #1).[1]

**IT IS SO ORDERED**.

s/Terry L. Wooten

---

[1]The Court notes that the petitioners Motion for Judgment on the Pleadings is **denied** as the respondents' motion for summary judgment is granted and the petitioner's petition dismissed. (Doc. #18).

2

Terry L. Wooten
United States District Judge

September 21, 2007
Florence, South Carolina